UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MORRISON,<br>             Plaintiff,<br><br>     v.<br><br>MICHAEL W. NEUSTROM, et al.,<br>             Defendants. | Case No.  14-cv-01604-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff Richard Morrison has sued Sheriff Michael Neustrom under 28 U.S.C. § 1983, alleging that the Sheriff violated Morrison's due process rights. Morrison claims the Sheriff seized and sold a $31,000 judgment that Morrison's sister, Anne Morrison Dietz, had obtained against her former husband, John Dietz, and then had transferred to Morrison, and that the Sheriff did so without providing adequate notice to Morrison and without legal jurisdiction over the property. Morrison has also sued John Dietz and his lawyer, Richard Guidry, as co-conspirators who enabled the Sheriff's illegal seizure. Sheriff Neustrom has filed a motion to dismiss, which is granted, with prejudice.

This case arises out of a dispute that has been litigated in both federal and state court in Louisiana. In June 2010, the U.S. District Court for the Western District of Louisiana awarded Anne Morrison Dietz a roughly $31,000 judgment in a custody battle she had with John Dietz. Anne then assigned that judgment to Morrison, who registered the judgment with this court. Around the same time, John sued Anne and Morrison for alleged tortious conduct in Louisiana

state court,[1] and, in May 2012, John obtained a roughly $85,000 judgment against them. John then petitioned the state court for a Writ of Fifa to direct the Sheriff to seize and sell Anne's $31,000 judgment against him. The Louisiana state court granted the Writ of Fifa, the Sheriff acted on the Writ, seized the judgment, and sold it to John.

Even though the Writ of Fifa was explicitly against Anne's rights and interests in the judgment, Morrison brings this action on the grounds that the Sheriff violated his due process rights since Anne had assigned her judgment to him. But this Court has neither general nor specific personal jurisdiction over Sheriff Neustrom. Morrison provides a range of examples for how the Court might exercise general jurisdiction over the Sheriff, including the fact that the Sheriff likely sent tax notices to California residents who are property owners in Louisiana, that he may have professional contacts with California through law enforcement collaborations, or that he has purchased equipment and supplies from California. But these allegations, even if true, would fall far short of what is needed for this Court to exercise general jurisdiction over the Sheriff. General personal jurisdiction involves an exacting standard that requires a defendant to have "continuous and systematic" contacts with the forum state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

This Court also lacks specific personal jurisdiction over Sheriff Neustrom. The Ninth Circuit's three-prong test for specific jurisdiction requires 1) the non-resident defendant to perform an act by which the defendant purposely avails himself of the privilege of conducting activities in the state, 2) the cause of action to be related to the defendant's activities in the forum state, and 3) the exercise of personal jurisdiction to comply with fair play and justice. *Id.* at 802. Here, the Sheriff never directed any activities toward California. The Sheriff was acting on a judgment issued under Louisiana law, and the Writ of Fifa was against Anne, who was a resident of Mexico,

---

[1] The Louisiana state court was the 15th Judicial District Court for the State of Louisiana, Vermilion Parish.

2

not against Morrison.

To the extent Morrison seeks to challenge the validity of the state court's grant of the Writ of Fifa, the suit is barred under the *Rooker-Feldman* doctrine, which prohibits federal district courts from hearing "de facto" appeals, or an appeal which "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Because the Court lacks personal jurisdiction over Sheriff Neustrom and lacks subject matter jurisdiction to hear a challenge of the validity of the Writ of Fifa, and because these defects cannot be cured through an amended complaint, Sheriff Neustrom's motion to dismiss is granted, with prejudice.[2]

The hearing on the motion to dismiss, previously scheduled for Thursday, August 7, 2014, is vacated.

**IT IS SO ORDERED.**

Dated: August 4, 2014

_____
VINCE CHHABRIA
United States District Judge

---

[2] The Court received an ex parte letter from Defendant Guidry, which it has not relied on in issuing this Order.

3